IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CHARLES ANTHONY HALEY,

Petitioner,

v.                                          CRIMINAL ACTION NO. 2:12cr149

UNITED STATES OF AMERICA,

Respondent.

## *MEMORANDUM OPINION AND ORDER*

Charles Anthony Haley ("Petitioner") filed a *pro se* motion pursuant to Title 28 United States Code Section 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion"). ECF No. 56. Having thoroughly reviewed the Parties' filings in this case, the Court finds this matter is ripe for judicial determination. For the reasons set forth below, Petitioner's Motion to Vacate is **DENIED**.

### I. PROCEDURAL HISTORY

An Indictment was filed against Petitioner, in the Eastern District of Virginia, on eleven counts, on October 3, 2012. ECF No. 15. Count One charged Petitioner with Conspiracy to Distribute and Possess with Intent to Distribute a Mixture and Substance Containing Cocaine Base in violation of Title 21 United States Code Section 846. ECF No. 15. Counts Two through Eleven charged Petitioner with Distribution and Possession with Intent to Distribute a Mixture and Substance Containing Cocaine Base. *Id.* Petitioner pled guilty to Count One of the Indictment on November 29, 2012. ECF Nos. 28 and 29.

At Sentencing, neither the Petitioner nor Respondent expressed objections to the Presentence Investigation Report. *See* ECF No. 40 at 1; ECF No. 41 at 1; ECF No. 47 at 30.

1

Petitioner was sentenced to a term of imprisonment for one-hundred and eighty-five (185) months on May 29, 2013. ECF No. 44.

After sentencing, Respondent moved, under seal, for a reduction in Petitioner's sentence, pursuant to Rule 35 of the Federal Rules of Criminal Procedure on October 23, 2013. ECF No. 48. The Court Granted Respondent's Motion, under seal, and reduced Petitioner's sentence to one-hundred and forty-eight (148) months on October 28, 2013. ECF No. 49. Petitioner filed a Motion for Reconsideration, under seal on April 16, 2014. ECF No. 50. Respondent had no objection to Petitioner filing a Response. ECF No. 52. Under seal, the Court Granted Petitioner leave to file a response on August 6, 2014. ECF No. 53. Petitioner filed a response, under seal, on September 9, 2014. ECF No. 54. The Court Denied Petitioner's Motion for Reconsideration, under seal, on September 23, 2014. ECF No. 55.

Thereafter, Petitioner filed a § 2255 Motion in light of the United States Supreme Court's ruling in *Mathis v. United States*, —— U.S. ——, 136 S. Ct. 2243 (2016) on January 11, 2017. ECF No. 56. The Court ordered Respondent to file a response on January 19, 2017. ECF No. 57. Respondent filed a response on March 20, 2017. ECF No. 58. Petitioner filed a reply on April 3, 2017. ECF No. 59.

## II. LEGAL STANDARD

Federal courts are required to liberally construe *pro se* petitions. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a *pro se* litigant's petition to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro*

*se* petition the petitioner's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

The requirement of liberal construction, however, does not mean that the court may ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. DISCUSSION

Petitioner filed a § 2255 motion, asserting that in light of the Supreme Court's ruling in *Mathis*, his prior convictions do not qualify him as a career offender. ECF No. 56. As a result, Petitioner asserts that he should be resentenced without the career offender enhancement. *Id.* Petitioner further asserts that his motion is timely pursuant to Title 28 United States Code Section 2255(f)(3). *Id.*

When a petitioner in federal custody wishes to collaterally attack his sentence or conviction, the appropriate motion is a § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Section 2255 of Title 28 of the United States Code governs post-conviction relief for federal prisoners. It provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

In a proceeding to vacate a judgment of conviction, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

A § 2255 motion is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The beginning date for that one-year limitations period is not universal, but is dependent upon the motion's allegations. Section 2255 state, in relevant part, that the one-year limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, Petitioner's § 2255 Motion is not timely under § 2255(f)(1) because he filed his motion more than one year after his judgment of conviction became final. The motion is not timely under § 2255(f)(2) because Petitioner alleges no unlawful governmental action that

4

prevented him from filing the § 2255 Motion. The motion is not timely under § 2255(f)(4) because Petitioner provides no evidence of newly discovered facts that would affect his sentence.

Petitioner argues, however, that his motion is timely under 2255(f)(3), ECF Nos. 56 and 59, which states that the one-year time limit begins on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

"[T]o obtain the benefit of the limitations period stated in § 2255(f)(3), [a petitioner] must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been ... made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012) (quoting § 2255(f)(3)). The threshold issue for the Court, then, is whether this motion is timely under § 2255(f)(3). The core question of this timeliness inquiry is whether Petitioner is asserting a right that the Supreme Court has recognized.

It is appropriate to equate the term "right," as used in § 2255(f)(3), with the term "rule," as used in the Supreme Court and Courts of Appeals cases cited in this opinion. *See United States v. Cuong Gia Le*, No. 1:03-cr-48-TSE, ECF No. 691 at 13-16 (E.D. Va. Sept. 8, 2016) (Ellis, J.). Rather than alternate between the two terms, this opinion will use the term "rule" throughout, with the intent that it be read as synonymous with the "right" discussed in § 2255(f)(3).

"[A] case announces a new rule when it breaks new ground . . . . To put it differently, a case announces a new rule if the result was not dictated by [existing precedent]." *Teague v.*

5

*Lane*, 489 U.S. 288, 301 (1989) (emphasis in original). A certain result is "dictated" by existing precedent if that result is "apparent to all reasonable jurists." *Lambrix v. Singletary*, 520 U.S. 518, 528 (1997). Similarly, the Fourth Circuit's "new rule" test says a rule is new unless it would be "objectively unreasonable" under existing law "for a judge to reach a contrary result." *O'Dell v. Netherland*, 95 F.3d 1214, 1223–24 (4th Cir. 1996). "A case does not 'announce a new rule, [when] it [is] merely an application of the principle that governed' a prior decision to a different set of facts." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (quoting *Teague*, 489 U.S. at 307).

Here, Petitioner cannot rely on the holding in *Mathis* to overcome the limitations bar in section 2255(f)(3) for two reasons. First, the *Mathis* Court did not announce a new rule of constitutional law that has been made retroactive to cases on collateral review. *See United States v. Taylor*, -- Fed. App'x --, 2016 WL 7093905, at *4 (10th Cir. 2016) ("Thus, *Mathis* did not announce a new rule. And courts applying *Mathis* have consistently reached the same conclusion.") (citing *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (concluding *Mathis* did not announce a new rule that would allow a second or successive habeas petition); *Dimott v. United States*, Nos. 2:06cr26GZS, 2:16cv347GZS, slip op. at *3 (D. Me. Oct. 14, 2016) ("*Mathis* has not been recognized as a case that announced a new substantive rule that is retroactively applicable to cases on collateral review. The Supreme Court made clear that it was not breaking new ground in *Mathis*. . . ."); *Blackwell v. United States*, No. 4:10cr12, slip op. at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, *Mathis* does not set a new rule.")); *In re* Lott, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (denying authorization to file a successive application under 28 U.S.C. § 2255(h)(2) because *Mathis* did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review); *see also*

*United States v. Mase*, No. 4:07cr20, slip op., at 2, (W.D. Va. Jan. 12, 2017) ("In addition, recent Supreme Court decisions such as *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *Descamps v. United States*, 133 S. Ct. 2276 (2013) . . . have not been made retroactively applicable for timeliness purposes on collateral review.").

Indeed, the United States Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule and that its decision was dictated by decades of prior precedent. 136 S. Ct. at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."); *see also Teague v. Lane*, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.").

Second, the issue before the Supreme Court, in *Mathis*, pertained to the Armed Career Criminal Act ("ACCA"). *See* 136 S. Ct. at 2551-53 (holding that the modified categorical approach, which is used to determine whether a prior conviction is for a violent felony or serious drug offense, as defined in the Armed Career Criminal Act (ACCA), may not be applied to statutory offenses listing alternative "means," rather than alternative "elements."). This means that even if *Mathis* stated a new rule that was retroactively applicable, its holding would only apply to Petitioner's seeking relief for improper sentencing under ACCA. Here, Petitioner is not challenging a conviction under ACCA, but rather is attempting to apply the logic of *Mathis* to the Career Offender section of the United States Sentencing Guidelines.

For these reasons, Petitioner's § 2255 motion is untimely, and therefore must be denied.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Petitioner is not entitled to relief. Accordingly, Petitioner's § 2255 motion is **DENIED**.

Additionally, because Petitioner has not set forth a specific issue that demonstrates a substantial showing of a denial of a constitutional right, pursuant to 28 U.S.C. § 2253(c)(2), a Certificate of Appealability is also **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Petitioner and to the United States Attorney.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 24, 2017

/s/
Raymond A. Jackson
United States District Judge

8